UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NANCY C., | Case No. 3:24-cv-01823-AR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

    Plaintiff Nancy C. seeks judicial review of the Social Security Commissioner's final decision denying her application for Title II Disability Insurance Benefits. She challenges the Administrative Law Judge's step-two finding that her liver cirrhosis was not a severe impairment, which harmfully affected the rest of the ALJ's decision. (Pl.'s Br. at 1, ECF 9.) And plaintiff contends that, because of this error, the ALJ's consideration of plaintiff's subjective symptom testimony, medical opinion evidence, and her residual functional capacity (RFC) was

erroneous. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). As explained below, the court reverses the Commissioner's decision and remands.

**(1) *Step-Two Error.*** At step two, a claimant must establish that she has severe impairments "during the period for which [she] seeks disability benefits." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment or combination of impairments is severe if it "significantly limits" a claimant's "ability to do basic work activities." *Id.* (quoting 20 C.F.R. § 404.1520(c)); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The step-two severity analysis is a "threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 147 (1987)). Failing to identify an impairment as severe at step two is not reversible error if the ALJ finds at least one severe impairment, continues the sequential analysis, and considers all the limitations and restrictions imposed by the claimant's impairments—severe and non-severe—when assessing the residual functional capacity. *Id.* at 1049. In other words, a step two error is harmless if the ALJ considers a claimant's severe and non-severe impairments at subsequent steps. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Buck*, 869 F.3d at 1049 (a claimant's RFC "should be exactly the same regardless of whether certain impairments are considered severe or not").

Here, the ALJ's sole mention of plaintiff's liver cirrhosis was at step two, in which he found that her "history of alcohol abuse does not result in work-related functional limitations and is non-severe. She was treated for alcoholic cirrhosis with ascites in April 2021. In November

2023, she reported she had stopped drinking over [two] years prior and she had no issues with liver cirrhosis." (Tr. 15 (internal citation omitted).) The ALJ found that plaintiff had six other severe impairments, continued the sequential evaluation, and determined that she was not disabled at step five. (Tr. 16-21.)

The Commissioner contends that any error in evaluating plaintiff's liver cirrhosis is harmless because the ALJ resolved step two in plaintiff's favor and she has not argued or identified evidence in the medical record that warrants a different RFC. According to the Commissioner, the reviewing agency physicians listed plaintiff's cirrhosis as a severe impairment, yet they did not find any additional limitations beyond those included in the ALJ's RFC. (Def.'s Br. at 3, ECF 16.) Also argued by the Commissioner is that plaintiff does not specifically challenge the ALJ's rejection of her testimony about dizziness and urinary symptoms and, therefore, she does not describe what additional limitations the ALJ was required to include in the RFC. Because plaintiff assigns error only to the ALJ's step-two finding and fails to specifically argue that the ALJ erred in evaluating her subjective symptom testimony or medical evidence, in the Commissioner's view, she has not demonstrated that a remand is required. The Commissioner's argument elevates form over substance here.[1]

---

[1] The District of Oregon's Local Rule of Social Security Practice and Procedure LR 4000-3 states that the parties' briefs must "contain a statement of the specific issues presented for judicial review in a separate section under an appropriate heading." Even though plaintiff does not separately contend that the AL failed to supply clear and convincing reasons to discount her subjective symptom testimony or that the ALJ failed to adequately address the supportability and consistency factors with respect to Dr. Mallett, given the nature of the error, the medical records discussing her cirrhosis, and plaintiff's briefing here, requiring strict adherence to LR 4000-3 unfairly promotes pleading requirements over meaningful review.

Page 3 – OPINION AND ORDER
*Nancy C. v. Comm'r Soc. Sec. Admin.*, 3:24-cv-01823-AR

Despite a single heading, plaintiff raised multiple challenges to the ALJ's decision and how the failure to consider her liver cirrhosis affected the remaining sequential steps. Plaintiff asserts that the ALJ erroneously attributed her pain and dizziness allegations to gallstones instead of her cirrhosis and the diuretic medications she takes to manage that impairment. (Pl.'s Br. at 8-9 ("The ALJ's error in failing to consider Plaintiff's cirrhosis led [the ALJ] not to take the impact of her diuretics into account when evaluating her dizziness and its impact on her functioning.").) Plaintiff also contends that the ALJ erred in evaluating Dr. Mallett's opinion and how her cirrhosis could impair her cognition; concentration, persistence, and pace; and attendance. (Pl.'s Br. at 9.) Although plaintiff does not separate her arguments with headings, she argues that the ALJ failed to discuss her cirrhosis when evaluating her testimony, considering the medical evidence, and formulating her RFC.

    Because the ALJ determined that plaintiff's cirrhosis was non-severe, he was required to consider the "limitations and restrictions" imposed by that impairment at all remaining steps. *Buck*, 869 F.3d at 1049. For example, plaintiff testified at the hearing that she has dizziness, confusion, and pain stemming from her liver cirrhosis and the medications she takes to manage it. (Tr. 32-33.) She discussed that she has pain on her right side, for which she has been prescribed Oxycodone, but that her pain persists. (Tr. 34 (stating that it feels like a "knife is sitting" there).) When asked if her pain was due to gallstones, plaintiff explained that she cannot have surgery to remove them because her liver cannot handle the anesthesia. (Tr. 34-35.) Medical records reflect her ongoing cirrhosis treatment, including hospitalizations and paracentesis procedures to remove excess fluid that accumulates in her abdomen. (*See* Tr. 439 ("Positive for abdominal distention, abdominal pain and nausea"); Tr. 482 ("history of alcoholic cirrhosis and

Page 4 – OPINION AND ORDER
*Nancy C. v. Comm'r Soc. Sec. Admin.*, 3:24-cv-01823-AR

ascites with recent hospitalization who presents with increased abdominal pain, chest pain, and shortness of breath"); Tr. 1823 ("reports abdomen pain/bloating and looks [seven] months pregnant onset Sunday is constant and worsening"); Tr. 521 ("Abd[ominal] distension with an equivocal fluid wave[.]"); Tr. 1779 ("cirrhosis with history of prior paracentesis x [seven]"); Tr. 334 ("She last had paracentesis done in [interventional radiology] on [September 2, 2021] with [five] liters drained from right.").)

And as argued by plaintiff, the record also reflects that her providers attempt to balance her liver cirrhosis treatment with her chronic kidney disease and hypotension. For example, though plaintiff's diuretic medication reduces the volume of excess liquid in her abdomen, it also contributes to worsening renal function, low blood pressure, and dizziness. (*See* Tr. 507, 1054, 1063, 1387, 1815, 2015-16.) In sum, the medical records reflect that plaintiff's cirrhosis has been a significant issue during the relevant period, and the ALJ's statement that she has "no issues" with it at step two is greatly mischaracterized and unsupported by substantial evidence. (Tr. 15.)

Although it is not required to "perform a line-by-line exegesis" of all the evidence presented, *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020), the ALJ is not permitted to "ignore significant probative evidence that bears on the disability analysis." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (discussing application of "significant probative evidence standard" to various contexts when ALJ's ignore evidence). Significant probative evidence about plaintiff's cirrhosis was ignored here. The ALJ failed to consider how plaintiff's cirrhosis affected her allegations of pain, medication side effects, and other symptoms when evaluating her subjective symptom testimony. And the ALJ's discussion of Dr. Mallett's opinion fails to acknowledge plaintiff's cirrhosis as a potential source of her "fairly low" functional

status, impaired concentration and pace, and attendance. Thus, it is not clear that the ALJ considered plaintiff's cirrhosis and its limitations when evaluating Dr. Mallett's opinion for consistency and supportability or in determining her RFC. The ALJ therefore erred by failing to consider the limitations and restrictions potentially caused plaintiff's cirrhosis beyond step two as required. *Buck*, 869 F.3d at 1049 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe.") (citation modified).

Contrary to the Commissioner's contention, the court cannot confidently conclude that those errors were "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("An error is harmless only if it is 'inconsequential to the ultimate nondisability determination[.]'") (quoting *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). Moreover, because the ALJ omitted any discussion of plaintiff's cirrhosis when evaluating plaintiff's subjective symptom testimony, evaluating Dr. Mallett's opinion, or formulating her RFC, there is no reasoning from which the court can meaningfully determine that the ALJ's later conclusions in the disability analysis were supported by substantial evidence. Because the agency's path cannot be reasonably be discerned, the errors are not harmless. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (explaining that an error is harmless where "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity")

**(2) Remedy.** The courts remands this case for further proceedings because there are "outstanding issues that must be resolved before a disability determination can be made." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014)

(concluding that district court must "assess whether there are outstanding issues requiring resolution" before considering whether to credit the claimant's testimony as true). The ALJ failed to consider what effect, if any, plaintiff's liver cirrhosis had on the disability analysis beyond step two. Those errors may have influenced the remaining steps and issues concerning the ultimate determination of plaintiff's disability. Numerous outstanding issues require resolution here. The ALJ discounted plaintiff's subjective symptom testimony yet failed to consider record evidence of her cirrhosis. And there is conflicting medical opinion evidence about the limiting effects of plaintiff's cirrhosis from Dr. Mallett and the agency reviewing physicians. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

      On remand, the ALJ should obtain expert testimony from a qualified medical source or sources to explain the interplay between plaintiff's liver cirrhosis and chronic kidney disease, as well as the extent to which her physical impairments affect her capacity to bend forward, eat, and sleep due to ascites. The medical source should address plaintiff's fatigue, dizziness, and pain attributable to her physical impairments and medication side effects and evaluate the cumulative impact of these factors on her capacity to maintain full-time employment. (*See* Tr. 990, 1019, 1056, 1541, 1777, 1816, 1909.)

      After developing the record, the ALJ should continue with the sequential evaluation, offer plaintiff an opportunity for a new hearing and reevaluate her subjective symptom testimony. The ALJ will reevaluate the medical opinion evidence, reevaluate plaintiff's RFC, obtain any supplemental vocational evidence, and conduct any other reasonable measures necessary.

*Garrison*, 759 F.3d at 1019 (stating that remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

## CONCLUSION

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

ORDERED: February 24, 2026.

                                            JEFF ARMISTEAD
                                      United States Magistrate Judge